IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

CH PROPERTIES, INC.

Plaintiff

v.                                                        CIVIL 13-1354 (FAB) (JA)

FIRST AMERICAN TITLE INSURANCE COMPANY

Defendant

## OPINION AND ORDER

### I. BACKGROUND AND ARGUMENT

On August 5, 2002, plaintiff CH Properties, Inc. became the lessee of a tract of land belonging to the Puerto Rico Development Company, after receiving all leasing rights from Sunshine Isle Inn, LLC, which had originally acquired the leasing rights from Desarrollos Hoteleros de Carolina (Docket No. 17[1], pp. 2-3, 12-13). CH Properties, Inc. then requested a loan from FirstBank guaranteed by a first mortgage on the leasing rights (Docket No. 17, pp. 3, 13), for which defendant First American Title Insurance Company issued two title policies. One was in favor of FirstBank (Docket No. 17, pp. 3, 13) insuring them the first-rank on the mortgage taken by CH Properties, Inc. (Docket No. 17, pp. 4, 13) and the other in favor of CH Properties, Inc. guaranteeing the validity of the lease

---

[1] Joint Case Management Memorandum.

CIVIL 13-1354 (FAB) (JA)                                            2

agreement (Docket No. 17, pp. 4, 13), obligating First American to provide legal defense and coverage regarding all claims in which the invalidity of the lease agreement was alleged or in which disturbance or invalidation of the possession and title on the insured lease was sought (Docket No. 17, pp. 4-5).

In April, 2005 a group called Comité de Vecinos de Isla Verde and the Compañía de Parques Nacionales filed separate complaints, which were consolidated against CH Properties, FirstBank and other entities, attacking the validity of the Lease Agreement.  Members of the Comité de Vecinos de Isla Verde also invaded the tract of land in the purported defense of the people of Puerto Rico, preventing CH Properties, Inc. from entering or using the tract of land, roughly five acres (cuerdas$^2$) (Docket No. 17, pp. 5, 14).  First American provided FirstBank legal representation and coverage according to the terms of the policy issued (Docket No. 17, pp. 6, 16).

On March 5, 2007, a complaint was filed in the United States District Court for the District of Puerto Rico against CH Properties, Inc. and other entities by the Chicago Title Insurance Co. (Docket No. 17, pp. 6-7), after which CH Properties, Inc. first came to request First American legal defense and coverage in all pending actions as well as the reimbursement of legal fees already paid (Docket No. 17, pp. 7, 19).  First American only approved the petition in the consolidated

---

$^2$A cuerda is a unit of land measure which is slightly less than an acre, roughly 96.5%.

CIVIL 13-1354 (FAB) (JA)                              3

state actions from that moment on, and not retroactively, because CH Properties, Inc. had not made its request in a timely manner as required by the policy, thus exponentially increasing litigation costs and hindering the defense (Docket No. 17, pp. 8, 19-20). They denied defense for the action in federal court since it concerned a contractual issue between two other parties that had no effect on CH Properties's title (Docket No. 17, p. 20).

The state actions were eventually dismissed in 2011 (Docket No. 17, pp. 8, 21). Regardless, CH Properties, Inc. filed a complaint on April 11, 2013 in the Puerto Rico Court of First Instance (Docket No. 1-1, ¶1) alleging a breach of the insurance agreement between the parties under the Puerto Rico Insurance Code, P.R. Laws Ann. tit. 26, §§ 101 et seq., and the Civil Code of Puerto Rico, P.R. Laws Ann. tit. 31, §§ 2991 et. seq. (Docket No. 17, p. 8). On May 7, 2013 defendant First American filed a Notice of Removal from the state court to the federal court, pursuant to 28 U.S.C. § 1441(a) (Docket No. 1, p. 2, ¶2).

During the process of discovery an impasse occurred in regards to a Privilege Log presented by defendant, claiming attorney-client communication and work product privileges (Docket No. 30, p. 1, ¶ 1). Plaintiff claimed that the information provided was not enough to enable the appearing party to put forth an informed challenge to the privileges claimed (Docket No. 30, p. 1, ¶2) and requested an order from the Court directing defendant to supplement the documents' descriptions (Docket No. 30, p.2, ¶2).

CIVIL 13-1354 (FAB) (JA)                              4

On April 3, 2014, defendant responded (Docket No. 32) claiming that the revised descriptions provided for each of the documents withheld were sufficient under the Federal Rules to allow plaintiff and the Court to determine the grounds for attorney-client and work product privilege, without divulging confidential content (Docket No. 32, pp. 1-2).

On April 21, 2014, plaintiff replied to defendant's opposition to plaintiff's motion regarding the privilege log (Docket No. 32) by claiming that the privilege log provided by defendant did not make a prima facie showing of the privileges claimed (Docket No. 36, p. 1) since the descriptions of the documents or the notes in the log did not establish they were prepared or authored by an attorney because of an impending litigation (Docket No. 36, p. 3-4, ¶7), nor did they specify there was an attorney-client relationship between the identified senders and identified recipients.  There was no reason provided for the creation and remittance of the documents nor any indication they contained legal advice or confidential information (Docket No. 36, p. 6-7, ¶13).

On June 6, 2014, defendant  submitted a Second Revised Privilege Log (Docket No. 49), following a Court order dated April 21, 2014 for in camera inspection (Docket No. 35).  On July 2, 2014, the Court determined that the description of the documents included satisfied Federal Rule of Civil Procedure 26(b)(5)(A), making a prima facie claim for all ten documents (Docket No. 61, p. 7).

CIVIL 13-1354 (FAB) (JA)                               5

The Court also found that documents 1, 2, and 3 were privileged pursuant to the attorney work product doctrine; documents 5, 6, 7, and 8 were not attorney-client privileged communications and that there was insufficient information provided to determine whether documents 4 and 10 were attorney-client privileged communications and whether document 9 was privileged attorney work product (Docket No. 61, p. 1).  The Court ordered First American to produce documents 5, 6, 7, and 8 to plaintiffs, and to provide the information necessary regarding the titles and responsibilities of the persons involved in the communications and the relationship between their respective entities to determine the nature of documents 4, 9, and 10 (Docket No. 61, pp. 2, 12, 15).

Defendant complied with the Court's order on July 3, 2014 (Docket No. 63) but plaintiff filed a Motion for Reconsideration on the same day (Docket No. 64). It disagreed with the court's determination that First American presented a prima facie case pursuant to Federal Rule of Civil Procedure 26(b)(5)(A), since more information was required by the Court to determine whether documents 4, 9 and 10 were protected or not (Docket No. 64, p. 2).  Regarding documents 1, 2, and 3 which were deemed to be protected, plaintiff claimed that they were materials prepared in the ordinary course of business by an insurance company and that in a first party claim against an insurer they were not protected (Docket No. 64, p. 3).  Regarding the documents involving attorney Jose A. Fernández-Jaquete, plaintiff claimed that since he was going to be a witness for defendant they could

CIVIL 13-1354 (FAB) (JA)                  6

not "use privileged information as both sword and shield by selectively using the privileged information to prove a point, but then invoking the privilege to prevent opposing party from challenging the assertion." (Docket No. 64, p. 4).

On August 5, 2014 defendant replied in opposition to plaintiff's motion for reconsideration regarding evidentiary privileges (Docket No. 87), claiming that motions for reconsideration should only be "entertained by Courts if they seek to correct manifest errors of law or fact, present newly discovered evidence, or when there is an intervening change in law," citing Silva Rivera v. State Ins. Fund. Corp., 488 F. Supp. 2d 72, 77 (D.P.R. 2007), which cites Rivera Surillo & Co. v. Falconer Glass Indus., Inc., 37 F.3d 25,29 (1st Cir. 1994).  Defendant claimed that CH Properties's motion "merely seeks to reargue the same legal arguments that were previously considered by the Court." (Docket No. 87, p. 1).

First American Title Insurance Company argued that the Court's request for additional information regarding some of the documents was only an overly cautious measure taken before issuing a final ruling (Docket No. 87, p. 6) and that given the additional information provided on documents 4, 9, and 10 their privileged nature should be recognized and kept confidential (Docket No. 87 pp. 7-9).

The motion for reconsideration (Docket No. 64) was referred to me for disposition on July 21, 2014. (Docket No. 76).

CIVIL 13-1354 (FAB) (JA)                7

## II.  STANDARD OF REVIEW AND ANALYSIS

"A motion for reconsideration may be considered as a motion under Federal Rule of Civil Procedure 59(e)[3].  See Rosario-Méndez v. Hewlett Packard Caribe, 660 F. Supp. 2d 229, 232 (D.P.R. 2009)." Burgos-Yantin v. Municipality of Juana Diaz, 751 F. Supp. 2d 345, 347 (D.P.R. 2010).  For a motion for reconsideration to be granted, the movant has to meet certain criteria.  "A motion to alter or amend a judgment may be granted... if the movant demonstrates that an intervening change in controlling law, a clear legal error, or a newly discovered evidence warrants modification of the judgment." Soto-Padró v. Public Bldgs. Authority, 675 F. 3d 1,9 (1st Cir. 2012) "'[...] [A] district court's denial of a motion to alter judgment [is reviewed] for abuse of discretion.' Markel Am. Ins. Co. V. Díaz-Santiago, 674 F.3d 21, 32 (1st Cir. 2012); ACA Fin. Guar. Corp. [v. Advest, Inc.], 512 F.3d [46,] 55." In re Genzyme Corp. Securities Litigation, 754 F. 3d 31, 46 (1st Cir. 2014).

If these criteria are not met, motions for reconsideration are usually denied.  Again, "[f]or such a motion to succeed, 'the movant must demonstrate either that newly discovered evidence (not previously available) has come to light or that the rendering court committed a manifest error of law." Mulero-Abreu v. Puerto Rico Police Dep't., 675 F.3d 88, 94-95 (1st Cir. 2012), citing Palmer v. Champion

---

[3]Motion to Alter or Amend a Judgment.

CIVIL 13-1354 (FAB) (JA)                       8

Mortgage, 465 F.3d 24, 30 (1st Cir. 2006).  See Torres v. González, 980 F.Supp. 2d 143, 146 (D.P.R. 2013).

In this case, plaintiff has not provided newly discovered evidence, but a different interpretation from that issued by the Court regarding the Privilege Log provided by defendant (Docket No. 64, pp. 2-4).  Notably, unless there is a clear abuse of discretion or a manifest error in law, the Court's determination regarding the privileged nature of documents for evidentiary purposes is usually upheld upon a motion for reconsideration.  See Mississippi Pub. Employees' Ret. Sys. v. Boston Scientific Corp., 649 F.3d 5, 30 (1st Cir. 2011).

Referring to Rule 26(b)(5)(A), Federal Rule of Civil Procedure, the Court found that defendant complied with the requirements of "expressly claim[ing] the privilege and sufficiently describ[ing] the documents so that the other parties can assess the [prima facie privilege] claim." (Docket No. 61, p. 7).  According to the Court, First American Title Insurance Company sufficiently described "the documents by including the date, document type, author(s), recipient(s), and subject matter description for each document in the Log." (Docket No. 61, p. 7). See e.g. Báez-Eliza v. Instituto Psicoterapéutico, 275 F.R.D. 65, 70 (D.P.R. 2011); Vázquez-Fernández v. Cambridge Coll., Inc., 269 F.R.D. 150, 160 (D.P.R. 2010). (Docket No. 61, p. 7).

CIVIL 13-1354 (FAB) (JA)          9

The Court found that to invoke the attorney-client privilege successfully, a party must establish by a preponderance of the evidence that a client made a confidential communication to his attorney for the purpose of securing legal advice, as codified in Rule 503 (b), Puerto Rico Rules of Evidence (Docket No. 61, p. 9-10). In Vicor Corp. v. Vigilant Ins. Co., 674 F.3d 1,17 (1st Cir. 2012) the Court noted that:

> "the attorney client privilege 'extends to all communications made to an attorney or counselor...and applied to by the party in that capacity, with a view to obtain his advice and opinions in matters of law, in relation to his legal rights, duties and obligations, whether with a view to the prosecution or defen[s]e of a suit or other lawful object.' Hanover Ins. Co., 870 N.E.2d at 1111 (quoting Hatton v. Robinson, 31 Mass. 416, 421 (1834)). The privilege attaches to any communication between attorney and client in confidentiality for the purpose of seeking, obtaining or providing legal advice or assistance. In Re Reorganization of Elec. Mut. Ins. Co., Ltd. (Bermuda), 425 Mass. 419, 681 N.E.2d 838, 840 (1997)."

The "[a]ttorney-client privilege protects communications made in confidence by a client and a client's employees to an attorney, acting as an attorney, for the purpose of obtaining legal advice. See Upjohn Co. v. United States, 449 U.S. 383, 394-95, 101 S. Ct. 677, (1981). 'By safeguarding communications between client and lawyer, the privilege encourages full and free discussion, better enabling the client to conform his conduct to the dictates of the law and to present legitimate claims and defenses if the litigation ensues.' In Re Keeper of Records[ (Grand Jury Subpoena Addressed to XYZ Corp.], 348 F.3d [16] at 22 [(1st Cir. 2003)]," cited

in Mississippi Pub. Employees' Ret. Sys. v. Boston Scientific Corp., 649 F.3d 5 at 30.

After analyzing documents 5, 6, 7, and 8, which were four fact sheets between an employee of Title Security Group, Inc., Iliana Rivera and First American's counsel, John LaJoie, Esq., the Court found that they did not fall within the scheme of protected material within the attorney-client privilege since there was "no motivation to obtain legal assistance", while reserving judgment regarding documents 4 and 10 until additional information was provided (Docket No. 61, p. 12) regarding the author and recipient of the documents, their titles and responsibilities and the relationship between their respective clients, to make a final determination about the privilege claimed. Defendant complied providing the additional details requested. (Docket No. 63).

José A. Fernández Jaquete, Esq., author of the documents, was engaged by defendant to provide assistance and legal counsel regarding CH Properties's and FirstBank's request for legal defense and coverage in the consolidated state court cases and plaintiff's request for legal defense and coverage in the federal action (Docket No. 63, pp. 1-2, ¶2). Caroline León Velazco, Esq., recipient of the documents, was the in-house claims counsel for defendant and was the immediate contact between Mr. Fernández Jaquete and First American. (Docket No. 63, p. 2, ¶3). Document 4 consists of a cover sheet of a fax between both attorneys.

CIVIL 13-1354 (FAB) (JA)                    11

Document 10 is a redacted portion of an email with a proposed response to CH Properties's request for legal defense and coverage in the federal court action (Docket No. 61, p. 12).[4]

Defendant alleges that Mr. Fernández Jaquete's legal advice was sought in his capacity as counsel regarding the course of action defendant should have taken in regards to CH Properties's and FirstBank's request for legal assistance and coverage in actions against them.  The communications found in the documents concerned were addressed to defendant's in-house counsel, who was First American's representative while receiving Mr. Fernández Jaquete's services.  See In re Grand Jury Subpoena (Mr. S.), 662 F.3d 65, 71 (1st Cir. 2011).  With the additional information provided by defendant, the nature of Documents 4 and 10 is understood to be protected by the attorney-client privilege and therefore is not subject to discovery by plaintiff.  "[W]hen a client asks a lawyer to analyze a situation in a manner that would best support his position according to the lawyer's understanding of the law - the attorney-client privilege is at its zenith. See U.S. v. Zolin, 491 U.S. 554, 662, 109 S. Ct. 2619, 105 L.Ed.2d 469 (1989)." Baez-Eliza v. Instituto Psicoterapeutico de Puerto Rico, 275 F.R.D. at 73; see also Lluberes v. Uncommon Productions, LLC, 663 F.3d 6, 24 (1st Cir. 2011).

---

[4]Description of documents provided by Court in its Memorandum and Order (Docket No. 61).

CIVIL 13-1354 (FAB) (JA)              12

To invoke the work product privilege, citing Rule 23.1, Puerto Rico Rules of Civil Procedure, P.R. Laws Ann. tit. 32, app. III, R. 23.1. the Court ruled that the party must demonstrate that the document contains mental impressions, conclusions, opinions or legal theories of an attorney or other representative of a party concerning a litigation (Docket No. 61, p. 13).  The attorney work product doctrine was "first established in Hickman v. Taylor, 329 U.S. 495, 67 S. Ct. 385, 91 L.Ed. 451 (1947), codified in Fed. R. Civ. P. R[ule] 26(b)(3) for civil discovery, [and] protects from disclosure materials prepared by attorneys 'in anticipation of litigation.'  Maine v. United States Dep't of Interior, 298 F.3d 60, 66 (1st Cir. 2002); see Mullins v. Dep't of Labor of P.R., 269 F.R.D. 172, 174 (D.P.R. 2010)." Moreno Rivera v. DHL Global Forwarding, 272 F.R.D. 50, 60 (D.P.R. 2011).  The reasoning behind the privilege is straightforward: "[p]roper preparation of a client's case demands that he assemble information, sift what he considers to be the relevant from the irrelevant facts, prepare his legal theories and plan his strategy without undue and needless interference…" U.S. v. Textron Inc. and Subsidiaries, 577 F.3d 21, 26-27 (1st Cir. 2009) citing Hickman v. Taylor, 329 U.S. at 511, 67 S.Ct. 385.

The Court determined that documents 1, 2, and 3 contained First American's counsel, Mr. Fernández-Jaquete, mental impressions and legal analysis since they included his annotations in the margins as he redacted or reviewed their contents in anticipation of litigation (Docket No. 61, p. 14-15).  Regarding document 9, the

CIVIL 13-1354 (FAB) (JA)              13

draft of a letter Mr. Fernández-Jaquete later sent to Laura Escalante-Facundo, FirstBank's in-house counsel, the Court determined that additional information was required to determine whether it was protected under as attorney work-product.

The final version of the draft was made part of the record by the defendant (Docket No. 63, p. 3, ¶3). However, privilege was claimed by First American Title Insurance Company in regards to the draft because it contains Mr. Fernández Jaquete's "legal analysis and mental impressions that were not made part of the final letter" regarding FirstBank's claim and First American's final decision to provide defense in the same state court action in which plaintiff was part of (Docket No. 63, p. 3, ¶6). Defendant identified the recipient of the letter as Vice President and Compliance Manager for FirstBank, at the time the bank had requested legal defense from defendant (Docket No. 63, p. 3, ¶5). Since defendant had obtained Mr. Fernández Jaquete's services to provide legal assistance regarding CH Properties's and FirstBank's requests for legal coverage in the actions brought against them, his mental impressions and legal analysis on the draft of a letter addressed to FirstBank's representative regarding the suit is material covered under the attorney work product doctrine. See Vicor Corp. v. Vigilant Ins. Co., 674 F.3d at 18.

### III. CONCLUSION

CIVIL 13-1354 (FAB) (JA)                    14

In sum, plaintiff has failed to establish a basis under which a motion for reconsideration of the Court's order should be granted. "'[M]otions for reconsideration should be granted sparingly because parties should not be free to re-litigate issues a court has previously decided.' <u>Silva Rivera v. State Ins. Fund Corp.</u>, 488 F. Supp. 2d at 78 (citing <u>Williams v. City of Pittsburgh</u>, 32 F. Supp. 2d 236, 238 (W.D. Pa. 1998))." <u>Colon v. Blades</u>, 268 F.R.D. 137, 141 (D.P.R. 2010). Defendant has met the burden of showing that the information included in Documents 4, 9 and 10 should be protected, since it is shrouded by either the attorney-client privilege or the attorney work product doctrine.[5]

In view of the above, the motion for reconsideration (Docket No 64) is DENIED.

In San Juan, Puerto Rico this 30th day of September, 2014.

                                                        S/JUSTO ARENAS
                                        United States Magistrate Judge

---

[5] Marielia Isla Torres, a third-year student at University of Puerto Rico School of Law, provided substantial assistance in researching and preparing this opinion and order.