IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| CH PROPERTIES, INC., **Plaintiff**, v. FIRST AMERICAN TITLE INSURANCE COMPANY, **Defendants**. | CIVIL NO. 13-1354 (FAB) |

**MEMORANDUM AND ORDER**

BESOSA, District Judge.

Before the Court is plaintiff CH Properties, Inc.'s ("CH Properties") motion to reconsider the Court's Opinion and Order granting in part and denying in part the parties' cross motions for summary judgment. (Docket No. 102.) For the reasons articulated below, CH Properties' motion to reconsider is **DENIED**.

I.  **Motion for Reconsideration Standard**

"A motion for reconsideration of an order which has granted summary judgment should be treated as a Rule 59(e) [of the Federal Rules of Civil Procedure] motion." Rosario Rivera v. PS Group of P.R., Inc., 186 F. Supp. 2d 63, 65 (D.P.R. 2002) (Laffitte, J.) (internal citations omitted). Motions for reconsideration do "not provide a vehicle for a party to undo its own procedural failures [or] allow a party [to] advance arguments that could and should have been presented to the district court prior to judgment." Iverson v. City of Boston, 452 F.3d 94, 104 (1st Cir. 2006)

Civil No. 13-1354 (FAB)                                                     2

(internal quotation marks and citation omitted). Rather, motions for reconsideration are appropriate in a limited number of circumstances, such as (1) where the movant presents newly discovered evidence, (2) where there has been an intervening change in the law, or (3) where the movant can demonstrate that the original decision was based on a manifest error of law or was clearly unjust. Marie v. Allied Home Mortg. Corp., 402 F.3d 1, 7 n.2 (1st Cir. 2005) (quoting 11 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2810.1 (2d ed. 1995)).

**II.   Plaintiff's Motion for Reconsideration**

CH Properties asks the Court to reconsider three aspects of its September 9, 2014 opinion and order entered. (Docket No. 102.) The Court addresses each argument in turn.

**A.   The Amount of Attorney's Fees Incurred in the State Court Actions**

The Court's opinion and order granted CH Properties's motion for summary judgment in part on the issue of reimbursement of legal expenses incurred in the state court actions. (Docket No. 92 at p. 31.) The Court found, however, that "genuine issues of fact remain[ed] regarding the appropriateness of CH Properties's hiring of Attorney Pedro Rosario Urdaz and the reasonableness of the fees paid to Andreu & Sagardia," and consequently reserved judgment on the amount to be reimbursed. Id. at n.19. Plaintiff's first swing at reconsideration contends that no genuine factual issues remain as to the appropriateness of hiring attorney Pedro

Civil No. 13-1354 (FAB)                                                  3

Rosario-Urdaz or the reasonableness of the fees paid by plaintiff to Andreu & Sagardia in the state court actions.  (Docket No. 102 at p. 3.)  Plaintiff urges that because defendant First American Title Insurance Company ("FATIC") possessed all of the invoices and facts pertaining to these fees by February 14, 2014, but failed to contest the amounts until July of 2014 — after the close of pleadings and discovery — FATIC waived any objection to the fees. Id. at p. 4.  As a result of this waiver, plaintiff maintains, the Court should have found that no factual issues existed regarding the fees and entered summary judgment in favor of plaintiff.

Plaintiff's argument is untethered from waiver law.  "A party waives a right [] if he intentionally relinquishes or abandons it; he forfeits a right by failing to assert it in a timely manner."  Davila Corporacion de P.R. para la Difusion Publica, 498 F.3d 9, 14 n.2 (1st Cir. 2007) (internal citations omitted); see also United Elec., Radio & Mach. Workers of Am. v. 163 Pleasant St. Corp., 960 F.2d 1080, 1096 (1st Cir. 1992) ("[L]egal theories not squarely presented in the *nisi prius* court are deemed waived on appeal.")  In the summary judgment context, a party who fails to oppose a motion for summary judgment "waive[s] the right to object to the material facts set forth by the movant." Ocasio v. Hogar Geobel Inc., 693 F. Supp. 2d 167, 171 (D.P.R. 2008) (Dominguez, J.) (internal quotation marks and citation omitted). Here, defendant FATIC raised objections to the reasonableness and

Civil No. 13-1354 (FAB)                                                  4

appropriateness of the state action legal fees in its surreply and opposition to plaintiff's motion for summary judgment.  (Docket No. 84 at pp. 7-8.)  FATIC neither failed to oppose plaintiff's motion for summary judgment, nor failed to assert its objections in a timely manner.  FATIC thus did not waive its right to contest the amount of legal fees sought by plaintiff. Accordingly, the Court declines to reconsider its earlier denial of summary judgment regarding the appropriateness and reasonableness of fees in the state court actions.

    **B.**    **The Court's Denial of Legal Fees in the Federal Court Action**

Second, plaintiff CH Properties asks the Court to reconsider its order refusing to reimburse plaintiff for legal fees and costs incurred in the federal court action.[1]  (Docket No. 92 at p. 98.)  Because plaintiff "repeat[s] old arguments previously considered and rejected" by the Court, <u>Nat'l. Metal Finishing Co., Inc. v. BarclaysAmerican/Commercial, Inc.</u>, 899 F.2d 119, 123 (1st Cir. 1990), the Court declines to reconsider its denial of reimbursement of legal fees in the federal court action.

    **C.**    **The Court's Denial of Indemnification**

Last, plaintiff contests the Court's denial of its request for indemnification of its rent and mortgage payments,

---

[1] Specifically, the Court granted FATIC's motion for summary judgment as to legal expenses incurred in the federal court action. (Docket No. 92 at p. 38.)

Civil No. 13-1354 (FAB) 5

arguing that the Court mistakenly equated two distinct concepts: (1) leasehold interests, and (2) title to property. (Docket No. 102 at p. 8.) Plaintiff points to extensive authority indicating that Puerto Rico law distinguishes between these two real property concepts. Be that as it may, plaintiff provides no authority challenging the Court's earlier legal analysis regarding the applicability of the title insurance policy at issue. The Court — now, like before — finds no support in the law for plaintiff's interpretation of "diminished" title, and accordingly declines to reconsider its conclusion that the trespassers' presence on plaintiff's the 5-*cuerda* tract of land failed to trigger the indemnification provisions in FATIC's policy.

### III. Conclusion

For the reasons articulated above, plaintiff CH Properties's motion for reconsideration is **DENIED.**

**IT IS SO ORDERED.**

San Juan, Puerto Rico, December 15, 2014.

<u>s/ Francisco A. Besosa</u>
FRANCISCO A. BESOSA
United States District Judge